[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10081

Non-Argument Calendar

_____

STEPHEN MUCCIO,
individually and on behalf of all
others similarly situated,

                                        Plaintiff-Appellant,

*versus*

GLOBAL MOTIVATION, INC.,
JORDAN R. BELFORT,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-81004-AMC

_____

Before ROSENBAUM, JILL PRYOR, and BLACK, Circuit Judges.

PER CURIAM:

Stephen Muccio appeals from the dismissal of his amended complaint for lack of Article III standing. Muccio brought this putative class action against Global Motivation, Inc. and its owner, Jordan Belfort, alleging Global Motivation sent him and at least 100 other individuals five unsolicited text messages using automated computer systems to solicit the sale of consumer goods or services. He asserted two counts under the Florida Telephone Solicitation Act (FTSA), Florida Statute § 501.059, and three counts under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA).

Global Motivation and Belfort moved to dismiss the complaint for lack of Article III standing, and the district court agreed. Citing *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019), and *Drazen v. Pinto*, 41 F.4th 1354 (11th Cir. 2022), *vacated*, 61 F.4th 1297 (11th Cir. 2023) (*Drazen I*), the district court found Muccio could not establish a concrete harm, notwithstanding Muccio's attempts to distinguish our prior precedent based on the number of text messages he received and on the language of the FTSA.

After Muccio appealed from the dismissal, however, we vacated the panel opinion in *Drazen I* and reheard it as a full court. We then explained "the Constitution empowers Congress to decide what degree of harm is enough so long as that harm is similar in kind to a traditional harm." *Drazen v. Pinto*, __ F.4th __, No. 21-10199, slip op. at 17, (11th Cir. July 24, 2023) (en banc) (*Drazen II*). "[T]he harm associated with an unwanted text message shares a close relationship with the harm underlying the tort of intrusion upon seclusion." *Id.* at 17. As a result, "the receipt of an unwanted text message causes a concrete injury." *Id.* at 18. And, like Congress did with the TCPA, the Florida Legislature "has used its lawmaking powers to recognize a lower quantum of injury necessary to bring a claim under the [FTSA]." *Id.*

We do not fault the district court's reliance on *Salcedo* and *Drazen I* when it dismissed the case in December 2022. Nevertheless, we review standing issues *de novo*, *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 923 (11th Cir. 2020) (en banc), and with the benefit of *Drazen II*, we conclude Muccio has standing to bring his claims.

We **REVERSE** the district court's dismissal for lack of standing and **REMAND** for further proceedings.